United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEEPAK KUMAR,

Petitioner,

v.

MOISES BECERRA, *et al*.,

Respondents.

Case No. 1:26-cv-05926-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 2

Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1) and a Motion for Temporary Restraining Order (ECF No. 2) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). The petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing India, Petitioner entered the United States on March 18, 2024, and was taken into custody by the Department of Homeland Security ("DHS"). ECF No. 1 ¶¶ 1, 24; ECF No. 6-1 at 2-3. Petitioner was released from custody on his own recognizance that same day and placed in removal proceedings. ECF No. 1 ¶ 25. After his release, Petitioner began living in Tracy, California, applied for asylum, and claims to have complied with all the conditions of his release—a contention which Respondents did not dispute in response to the petition. Id. ¶¶ 27, 30. On July 14, 2026, ICE officers detained Petitioner at a scheduled check-in appointment at the ICE Enforcement and Removal Operations sub-office in Stockton, California. Id. ¶ 31. Petitioner claims that he was not told in writing, or otherwise, the basis for the revocation of his release. Id. ¶ 32.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541

United States District Court
Eastern District of California

(AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026); *Jose E.S.M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez v. Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On July 29, 2026, the Court issued an order to show cause on the habeas petition and motion for a temporary restraining order, indicating that it intended to rule on both the petition and motion together, and directing Respondents to identify any factual issues which distinguish this case from the courts' prior orders. ECF No. 4. Respondents filed an opposition on August 3, 2026, noting that "there are no such factual or legal issues" which render this case distinct of the cases listed in the order to show cause.[1] ECF No. 6 at 1. They also indicated in their briefing that they did not oppose the Court ruling directly on the underlying petition. *Id.*

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Deepak Kumar from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a

---

[1] Respondents also attached a RAP sheet to their response, indicating that Petitioner has a pending misdemeanor charge in San Joaquin, County. ECF No. 6-5 at 5. They did not, however, reference this charge in their briefing, or argue that this charged justified the revocation of Petitioner's release. Had Respondents made such an argument, the Court would have considered it.

United States District Court
Eastern District of California

future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 4, 2026

Noël Wise
United States District Judge